UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EZRA ELSTEIN, individually and of behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br><br><br>PREMIUM CAPITAL FUND, LLC d/b/a PREMIUM CAPITAL FUND,<br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Ezra Elstein ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint (the "Complaint") against defendant Premium Capital Fund, LLC d/b/a Premium Capital Fund ("Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.  The Telephone Consumer Protection Act of 1991, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), was enacted to address, *inter alia*, harassing telemarketing practices. Under the statute, the Federal Communications Commission ("FCC") was granted regulatory authority. And since 1992, the FCC has adopted certain rules to implement the TCPA.

2.  In a Report and Order issued just a few days ago, the FCC explained that "[c]onsumers increasingly rely on text messaging to stay in touch with friends and family, to do business, communicate with their child's school, and get information from their government."[1]

---

[1] *See* FCC 23-107, SECOND REPORT AND ORDER, SECOND FURTHER NOTICE OF PROPOSED RULEMAKING IN CG DOCKET NOS. 02-278 AND 21-402, AND WAIVER ORDER IN CG DOCKET NO. 17-59 Adopted: December 13, 2023 Released: December 18, 2023 at ¶ 1.

1

3. The FCC stated that "text messages are one of the most trusted and widely used forms of communication by consumers."[2] And "[i]n fact, Americans send over 63,600 text messages *per second*."[3]

4. Unfortunately, however, the FCC lamented that the rise of illegal text messaging has jeopardized consumer trust in text messaging.[4] The FCC explained that the increase of illegal and unwanted texts: (i) has frustrated and annoyed consumers; (ii) cost consumers significant time and money; and (iii) has subjected them to illegal phishing campaigns and malware.[5] Indeed, the Federal Trade Commission reports that "text messaging scams cost consumers $86 million in 2020 and $326 million in 2022. Other estimates show higher losses, *e.g.*, over $20 billion in 2022."[6]

5. On behalf of a putative class of consumers, Plaintiff seeks to vindicate his federal statutory rights under the TCPA to stop one such campaign of illegal text messaging.

6. Specifically, Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff and other similarly situated consumers in violation of the TCPA. As alleged with specificity herein, Defendant violated the TCPA and its related regulations under the National Do Not Call provisions of 47 C.F.R. § 64.1200(c) thereby invading the privacy of the Plaintiff and putative class members.

7. Although Plaintiff's cellular telephone number is registered on the National Do Not Call Registry, Defendant transmitted several unauthorized telemarketing text messages to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff.

---

[2] *Id.* at ¶ 1
[3] *Id.* (emphasis added).
[4] *Id.*
[5] *Id.*
[6] *Id.*

8. By making such telephone solicitations, Defendant has invaded the personal privacy of Plaintiff and members of the Class (defined below).

9. The TCPA was enacted to protect consumers from unsolicited and unwanted communications exactly like those alleged in this case.

10. In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited telemarketing as well as an award of statutory damages for himself and all members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

11. Plaintiff Ezra Elstein is an individual and citizen of Pennsylvania and, at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Upon information and belief, Defendant is, and at all times mentioned herein was, a domestic limited liability company. Plaintiff alleges that at all relevant times, Defendant conducted business in the State of New York and within this judicial district.  At all times mentioned herein, Defendant was a "person" as defined by 47 U.S.C. § 153(39).

13. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, vendors, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

15. The Court has personal jurisdiction over Defendant because: (i) it's nerve center is located in this District; (ii) it conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## FACTUAL ALLEGATIONS

17. Defendant provides certain advice and comparison technology for different types of financial products.

18. In its zeal to promote its business, however, Defendant patently violated the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

19. Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Class (as defined below).

20. Defendant's unsolicited telemarketing also disturbed the solitude of Plaintiff and members of the Class (as defined below).

21. Additionally, upon information and belief, Defendant has intentionally and repeatedly violated the TCPA based upon multiple complaints lodged against Defendant for such conduct on various internet forums.

## FACTUAL ALLEGATIONS AS TO THE PLAINTIFF

22. Plaintiff's cellular telephone number ending in -7983 ("Cell Phone") was registered with the National Do Not Call Registry on February 2, 2019.

23. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call or transmit text messages.

4

24. Despite its obligations under the TCPA, Defendant began unlawfully soliciting Plaintiff on his Cell Phone via text message.

25. Specifically, and by way of example only, in November 2023, Defendant transmitted two unlawful telemarketing text messages to Plaintiff's Cell Phone regarding a loan as follows:



26. As illustrated in this text message, Plaintiff desired to learn the identity of the company that was unlawfully soliciting him and thus, Plaintiff provided his email address.

27. Thereafter, Plaintiff received an email from jeff@premiumcapital.com referencing certain "funding" and requested "4 Months of your most recent bank statements."

28. The email's signature identified "Jeff Waters" from "UW at Premium Capital" with a phone number "917-634-8523."

29. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

30. Plaintiff received the telephone solicitations from Defendant within a 12-month period.

31. Plaintiff did **not** provide Defendant with his Cell number at any point in time, nor did he give permission for Defendant to message it.

32. Plaintiff did **not** have an established business relationship with Defendant at any point in time.

33. Plaintiff did **not** have a personal relationship with Defendant at any point in time.

34. Plaintiff did **not** give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's personal cellular telephone for marketing or solicitation purposes.

35. Upon information and belief, Defendant did not make the telephone solicitations in error.

36. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

**Other Consumer Complaints About Defendant's Unlawful Telemarketing**

37. In addition to Plaintiff's experiences, Defendant has been accused of invading the privacy of other consumers throughout the country using the same unlawful telemarketing tactics.

38. Specifically, several online internet forums are filled with consumers complaining about Defendant's unsolicited telemarketing. [7]

39. For instance, on August 18, 2023 one consumer complained:

> **i have been none stop harassed via text…**
> i have been none stop harassed via text and phone call from this company. i have told them multiple times to leave me alone and they will not stop.[8]

40. In addition to this disturbing description of Defendant's invasive marketing tactics, another consumer posted the following complaint on July 24, 2023:

> Junk and Spam text
> They are constantly texting me trying to give me hundreds of thousands of dollars! Spam and really annoying especially since I have never inquired about a loan![9]

41. Based on the foregoing, Plaintiff has reason to believe that Defendant has inundated thousands of wireless telephone customers with unsolicited text messages designed to market its products and services without complying with the TCPA.

42. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

---

[7] https://www.trustpilot.com/review/premiumcapitalfund.com?stars=1 (last visited December 25, 2023).
[8] *Id*.
[9] *Id*.

7

43. Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

44. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations to Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

45. Upon information and belief, Defendant and/or a third party acting on Defendant's behalf made the above-described and substantially similar unlawful telephone solicitations nationwide to thousands of telephone numbers that were registered on the National Do Not Call Registry.

46. Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

47. Among other harms caused by the unlawful calls at issue, receiving the unwanted telephone solicitations resembles the kind of harm associated with intrusion upon seclusion.

48. Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Class defined below.

## **CLASS ACTION ALLEGATIONS**

49. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which include:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

50. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

51. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

52. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

53. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is ***not*** intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

54. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

b. Whether Defendant's telephone solicitations were made via text message to cellular telephone numbers;

c. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future

56. As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant with any invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

57. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

58. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

60. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## NEGLIGENT VIOLATIONS
## OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

61. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

62. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-

11

cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

63. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

65. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

68. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully prays for the following relief and judgment against Defendant:

a. An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing the law firms representing Plaintiff as Class Counsel;

b. An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

c. On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

d. On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

e. Post-judgment interest as allowed by applicable law; and

f. Any other further relief that the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all issues so triable and all questions of fact raised by the Complaint.

Dated: New York, New York
       January 5, 2024

KAZEROUNI LAW GROUP, A.P.C.

By: _____
Ross H. Schmierer, Esq.
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com

*Attorneys for Plaintiff*